MEMORANDUM **
Plaintiff Richard A. Weinstein appeals the district court’s dismissal of this action. We in part affirm and in part vacate and remand for further proceedings consistent with this disposition.
The appeal from the district court’s dismissal of Weinstein’s express warranty claim, last stated in the Second Amended Complaint, is unavailing, as he alleged no facts in his pleading suggesting that the vehicle’s warranty explicitly covered touch tone functionality in the OnStar system.
Weinstein’s statutory claims under the Consumer Legal Remedies Act, California Civil Code § 1750 et seq., the Unfair Competition Law, California Business and Professions Code § 17200 et seq., and the False Advertising Law, California Business and Professions Code § 17500 et seq., “are governed by the ‘reasonable consumer’ test.” Williams v. Gerber Prod. Co., 523 F.3d 934, 938 (9th Cir.2008). Under *426 that standard, a plaintiff “must show that ‘members of the public are likely to be deceived.’ ” Id. (some internal quotation marks omitted) (quoting Freeman v. Time, Inc., 68 F.3d 285, 289 (9th Cir.1995)). That is a question not ordinarily appropriate for determination on the pleadings. Id. at 938-39 (describing it as a “rare situation in which granting a motion to dismiss is appropriate”).
The Third Amended Complaint (TAC) pleads-each of the four remaining causes of action, including those statutory claims, with sufficient particularity to support an inference that a reasonable consumer might believe, absent a contrary disclosure by Saturn prior to purchase, that the VUE’s OnStar calling system operated like an “ordinary” telephone, including the capacity to navigate automated phone systems that the OnStar system sold with Weinstein’s car lacked. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1965-66, 167 L.Ed.2d 929 (2007); Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir.2003); Bardin v. Daimlerchrysler Corp., 136 Cal.App.4th 1255, 39 Cal.Rptr.3d 634, 648-49 (2006). Although the allegations in the TAC may be appropriate for adjudication on summary judgment, the TAC alleges enough to preclude a finding as a matter of law that no reasonable consumer would have been misled about the OnStar system.[1]
The TAC also alleges facts supporting the existence of an actual agency relationship between Saturn and East Bay Auto Group with sufficient particularity to survive dismissal, irrespective of whether Rule 8 or Rule 9(b) of the Federal Rules of Civil Procedure applies to allegations of agency. See Kaplan v. Coldwell Banker Residential Affiliates, Inc., 69 Cal.Rptr.2d 640, 59 Cal.App.4th 741, 745 (1997). Liberally construed and taken as truthful, the TAC alleges that Saturn exercised “substantial control” over the dealership. Id. Whether that allegation could survive a challenge at summary judgment is uncertain, but the TAC is a sufficient pleading at this stage of the case.
Each party to bear its own costs.
AFFIRMED in part; VACATED and REMANDED in part.

 This disposition is not appropriate for publication and except as provided by 9th Cir. R. 36-3.

. Inasmuch as Weinstein's fourth cause of action for breach of the implied warranty of merchantability is based on consumer expectations regarding the OnStar system’s "ordinary purpose!)]" this claim relies on the same set of advertising representations supporting Weinstein’s fraudulent omission theory, and its dismissal at the pleadings stage was also improper.